UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

JAN 2 5 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-78-GWU

LISA R. TURNER,            PLAINTIFF,

VS.          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Turner

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Turner

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Lisa R. Turner, was found by an Administrative Law Judge (ALJ) to have unspecified "severe" impairments." (Tr. 22). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 22-6). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 34 years, eighth grade education, and lack of work experience could perform any jobs if she were capable of medium level exertion, with no non-exertional physical restrictions, had a "good" ability to understand and remember simple instructions, and a "fair" ability to understand and remember moderately complex and complex instructions, relate to co-workers and supervisors, and persist on tasks and tolerate work-related stress in a routine eight-hour day. (Tr. 64-5). The

VE responded that there were jobs that such a person could perform, and gave the numbers in which they existed in the regional and national economies. (Tr. 63-5).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff, who alleged disability due to dextroscoliosis, degenerative disc disease, nerves, and chest pains (Tr. 103), submitted a physical residual functional capacity assessment form from a treating pain specialist, Dr. Cesar Agtarap. This assessment, dated June 4, 2003, limited her to: (1) lifting five pounds occasionally, (2) standing or walking 2-3 hours in an eight-hour day (no more than 15 minutes without interruption), (3) sitting 3 hours (no more than 30 minutes without interruption), (4) never climbing, (5) occasionally stooping, kneeling, balancing, crouching, and crawling, and also (5) needing to avoid handling, pushing/pulling, and working around temperature extremes, humidity, and vibration. (Tr. 406-8). Dr. Agtarap cited the plaintiff's problems as degenerative disc disease and facet arthropathy in the thoracic spine, facet arthropathy of the lumbar spine, sciatica, lumbago, myofascitis, and lumbar radiculopathy. (Id.).

The ALJ rejected Dr. Agtarap's restrictions on the grounds that he had only seen the plaintiff on two occasions at the time the evaluation was completed, and because the restrictions were not well supported and inconsistent with other

evidence in the record. (Tr. 21). However, under the facts in the present case, this was error.

While it is true that Dr. Agtarap had previously seen the plaintiff only on March 12 and April 8, 2003 at the time he completed his functional capacity assessment, he was a colleague of Dr. Michael Vories, who had begun giving the plaintiff the same pain treatment, including lumbar facet joint blocks and pain medications, on a regular basis beginning February 14, 2002, on referral from the plaintiff's family physician. (Tr. 373-96). He specifically noted that he had reviewed the patient's history and findings. (Tr. 403). Dr. Agtarap continued to treat the plaintiff with lumbar facet blocks and sacroiliac joint injections throughout 2003. (Tr. 420-3, 435-8). An MRI of the lumbar spine showed evidence of a bulge at the T12-L-1 level (Tr. 398), and Dr. Agtarap did note some positive findings on examination, including reduced range of motion, positive Patrick's tests, paravertebral tenderness at all levels, and sciatica. (Tr. 417, 420, 422).

Against the opinion and findings of treating sources, the ALJ could rely for support on a non-examining source who did not have access to all of the evidence (Tr. 251), and two one-time examiners who apparently were not provided with any objective evidence, who obtained no objective studies, and did not comment on, or were not aware of, the treating physician's opinion. (Tr. 225-8, 409-13).

9

Turner

Under certain circumstances, the opinion of even a treating physician may not be entitled to controlling weight, but in such cases the ALJ must consider certain factors and give specific reasons for the weight given to the opinion of the treating source. See Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).[1] In the present case, Dr. Agtarap cited specific reasons for the limitations, and, given that either he or other physicians in his practice continually treated the plaintiff for a pain condition over a period of two years, the rejection of Dr. Agtarap's opinion should have been based on more than a one-time examination and a medical conclusion by the ALJ.[2]

The decision will be remanded for further consideration.

This the _25_ day of January, 2006.

*signature*
G. WIX UNTHANK
SENIOR JUDGE

---

[1] The Sixth Circuit has suggested in a recent unpublished case that an ALJ should give an explanation of why the treating physician's opinion is deficient and what medical evidence or tests would have satisfied the ALJ. Sharp v. Barnhart, No. 04-6332, slip op. at 12 (6th Cir. Oct. 26, 2005).

[2] The plaintiff also objects to the ALJ's failure to specify the "severe" impairments. (Tr. 22). While she does not cite Sixth Circuit case law disapproving of this practice, the Court notes that in the Sixth Circuit case cited by the Commissioner, Damron v. Secretary of Health and Human Services, 778 F.2d 279, 281 (6th Cir. 1985), the ALJ had listed specific "medically determinable impairments" and referred to "restrictive impairments" without using the term "severe." Damron does not squarely hold that an ALJ need not specify "severe" impairments if he proceeds to the next step of the sequential evaluation, as suggested by the Commissioner.